No. 12,963.

TOUSAIN P. BOSCHER vs. BARBARA FAUCHT.

SYLLABUS.

Evidently, defendant in two suits, in which she sued out provisional seizures before one of the City Courts, was in error as to the amount due her, and was absolutely without right to the rental claimed.

The writs were dissolved.

Damages growing out of a provisional seizure made on a claim which had already been paid, are due by defendant.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*O. B. Sansum* for Plaintiff and Appellant.

*E. Howard McCaleb* for Defendant and Appellee.

Argued and submitted March 11, 1899.
Opinion handed down March 20, 1899.
Rehearing refused May 1, 1899.

The opinion of the court was delivered by

BREAUX, J.   Plaintiff sues defendant, an old, widowed lady, whose means are limited, for the sum of $10,000 damages.

He charges, that about the 1st of September, 1896, defendant maliciously and without probable cause, brought suit in the First City Court of New Orleans against plaintiff, for an amount, she claimed, was due for rent, and caused plaintiff's stock in trade to be seized and taken out of his possession until the cause was heard by the court, and finally determined in his favor.   This was for rent due at the end of April, under the contract.

Plaintiff further charges that about the 3rd of September, 1896, the defendant brought a certain other suit in the same court for rental for the month of September following, and a second time had his goods and chattels seized and taken possession of by the sheriff, by whom they were kept until the cause was tried and again decided in plaintiff's favor.

Plaintiff avers, that defendant's intention in instituting these two suits was to harrass him, and injure and destroy his good name and credit.

Defendant in answer filed the plea of general denial.

The facts are, that defendant had been paid on the day that she sued plaintiff the first time, and took a writ of provisional seizure. This was shown by a receipt introduced in evidence.

Although the evidence regarding the payment of her rent by plaintiff, when she brought the second suit and took out the second provisional seizure, is not as conclusive as in the first case, yet, it does appear that she had been paid.

George Dact, a lad, testified, that the rental claimed by defendant was paid on the second day of September, and that he wrote the receipt for the amount, which receipt was introduced in evidence.

The date of the receipt was torn off.

The following is a copy:

"New Orleans, Sept. (date torn off).

"Received from Mr. T. Boscher, the sum of twenty-eight dollars for one month's rent. The month beginning on the 1st of September, and ending on the 30th of September, 1896.

"Received payment in full,

(Signed)   "LEONTINE FAUCHT."

There is some conflict in the testimony regarding this receipt. Plaintiff and the other witnesses testify that it was given for rent paid before the seizure. The defendant swears that it was paid after the seizure of the property had been made. It was proven that plaintiff (defendant here) acted under the advice of an attorney-at-law.

Plaintiff valued his stock in trade at the date of the seizure at about $700.

His goods were under seizure about twenty days.   He usually bought for cash.   He claims that he had credit among the merchants which was injuriously effected by the seizure.   His sales would average about $125 per month.   He kept no books.

The plaintiff as a witness in his own behalf, was asked by his counsel to tell the jury, as near as he could, the amount of damages he had sustained by the seizure.

He answered, that he had about $800 worth of goods in the yard, and they were damaged by rain; that his credit and his name were good; that he had been in business twenty-three years.   He valued his credit and name at $8,000 or $9,000; and he had no more credit.

He is the only witness who testified regarding the value of his credit and name, and this, in general terms as stated above.

The case was tried before a jury.

From the verdict and the judgment of the court, condemning the defendant to pay damages in the sum of $100, plaintiff prosecutes this appeal.

As the amount of rent had been paid in full, defendant was at fault in taking out the two writs of provisional seizure, under which she caused plaintiff's property to be seized.

The facts do not show any particular motive on her part.   Her anxiety evidently was, to collect closely all due her, and in her apprehension that she had not collected, she sought to recover too much. She was not careful enough.

Counsel urges in her defense that under Article 287 of the Code of

Practice, a lessor may take out a writ of provisional seizure, whether the rent be due or not, "provided, that in case the rent be paid when it falls due, the cost of seizure shall be paid by him, and that the measure of damages is the cost of the seizure." This article does not apply to the case before us for decision. Manifestly the lessor may take out a provisional seizure prior to the maturity of his claim when the lessee is about to remove the property on which he has a lessor's privilege.

Here no such question arises. Defendant had no claim to become due and exigible in the future; no *debitum in praesenti solvendum in futuro;* no privilege, for she had been paid, and, therefore, she had no cause to apprehend that her lessee would remove his property, and, thereby, that she would be made to lose the amount due her as lessor.

With reference to the first seizure, it is true that it was discontinued the day after it was made, and it does not appear that plaintiff thereby suffered damages to any great extent; there was, none the less, some negligence on the part of the defendant in thus instituting procedings for an amount not due, which must meet with the disapproval of the courts of justice. Another article of the Code of Practice directly applies: The lessor "shall be personally responsible for all damages by the defendant, should the seizure be wrongfully obtained." C. P. 259.

As relates to the first suit, unquestionably the writ was unlawfully obtained.

The second seizure, also, was issued, without cause, at defendant's instance.

The weight of the evidence shows that defendant had been paid for September, as well as for all preceding months.

There remains for decision only the question: What is the amount of the damages which the plaintiff has suffered? His business was small; he sold second-hand goods; his monthly profits were quite limited, considered from a most favorable view.

His limited stock was bought for cash. We are not informed of the profits he usually made on his sales, whether small or large. Judging from the amount of monthly sales, the profits were not large.

Under the circumstances we think that a small increase in the judgment will do justice between the parties.

Therefore, the verdict and judgment appealed from are amended,

by increasing the amount of the verdict and judgment from $100 to $250, with interest on the last stated sum at the same rate and from the same date as heretofore. As amended, the judgment is affirmed.